IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ANDREINI, et al., | ) Case No. 15-01169 SC |
| | ) |
| Plaintiffs, | ) ORDER GRANTING DEFENDANT'S |
| | ) <u>MOTION TO DISMISS</u> |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Now before the Court is Defendant United States of America's motion to dismiss Plaintiffs' Claim II for violation of constitutional and federally protected rights and wrongful death under 42 U.S.C. § 1983. ECF No. 13 ("Mot."). The motion is unopposed. <u>See</u> ECF No. 16. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for disposition without oral argument. For the forgoing reasons the Court hereby GRANTS Defendant's motion and dismisses Claim II of the complaint. <u>See</u> ECF No. 1 ("Compl.") at 12.

///

## I. BACKGROUND

Plaintiffs are the surviving spouse and issue of decedent Edward A. Andreini. See Compl. ¶¶ 7-8. On May 4, 2014, while performing at an air show at Travis Air Force Base, decedent impacted the runway during a maneuver and died. See id. ¶¶ 1, 2, 5-6. Plaintiffs have sued the United States, alleging this action arises out of the acts and omissions of Defendant's agency, the United States Air Force, 60th Air Mobility Wing at Travis Air Force Base. See id. ¶¶ 1, 9. Plaintiffs allege that Defendant failed to comply with certain regulations, directives, standards and orders regarding aircraft rescue and firefighting ("ARFF") services and thus failed to provide a timely or effective ARFF response at the air show. See id. ¶¶ 3-6. Plaintiffs allege these failures caused decedent to perish. See id. ¶ 6.

Plaintiffs allege jurisdiction under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2671 et seq. See Compl. ¶ 11. Plaintiffs also allege this action "raises federal questions under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983." Compl. ¶ 12. Plaintiffs assert two claims: Claim I is styled, "Wrongful Death Based on Negligence and/or Gross Negligence," and Claim II is styled, "Violation of Constitutional and Federally Protected Rights and Wrongful Death as Authorized Under 42 U.S.C. § 1983." See Compl. at 11:5, 12:17-18. In Claim II, Plaintiffs allege Defendant violated their and the decedent's rights under the 14th Amendment. See id. ¶ 49. The instant motion asks the Court to dismiss Claim II for lack of subject matter jurisdiction pursuant to Fed. R. Civ.

///

P. 12(b)(1).

## II. LEGAL STANDARD

"A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). A Rule 12(b)(1) motion can attack either the sufficiency of the pleadings to establish federal jurisdiction or challenge the substance of the jurisdictional allegations despite the formal sufficiency of the complaint. Thornhill Publ. Co. v. Gen'l Tel. & Electrs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). When a motion attacks the complaint's allegations as insufficient to confer subject matter jurisdiction, the factual allegations in the complaint are assumed to be true. See Lacano Invs., LLC v. Balash, 765 F.3d 1068, 1071 (9th Cir. 2014). However, legal conclusions in the complaint are not accepted as true, even if they are cast as factual allegations. See id.

When a defendant challenges the actual lack of jurisdiction, the plaintiff's allegations are not presumed to be truthful, and the plaintiff has the burden of proving the court has jurisdiction. Thornhill Publ. Co., 594 F.2d at 733 (citation omitted). The court may look beyond the pleadings to decide the motion and may resolve factual disputes. See St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence

///

3

necessary to satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty., 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

## III. DISCUSSION

"Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003) (internal citations omitted). This waiver "must be unequivocally expressed in statutory text and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." Lane v. Pena, 518 U.S. 187, 192 (1996) (internal citations omitted). Plaintiffs bear the burden of proving there has been "an unequivocal waiver of sovereign immunity." Blue v. Widnall, 162 F.3d 541, 544 (9th Cir. 1998).

Plaintiffs have not met this burden. Section 1983 creates liability for a "person." See 42 U.S.C. § 1983. Section 1983 does not waive sovereign immunity because the United States is not a "person" within the meaning of the statute. See Jachetta v. United States, 653 F.3d 898, 908 (9th Cir. 2011); Accardi v. United States, 435 F.2d 1239, 1241 (3d Cir. 1970). Accordingly, Claim II is dismissed. See Jachetta, 653 F.3d at 908. Plaintiffs' Claim I for negligence under the Federal Tort Claims Act remains.

///
///
///

4

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss and dismisses Claim II of the complaint.

IT IS SO ORDERED.

Dated: August 3, 2015



UNITED STATES DISTRICT JUDGE