1

2

3

4                            UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    LINDA ANDREINI, et al.,                    Case No. 3:15-cv-01169-JD

8              Plaintiffs,

9         v.                                    **ORDER RE DISMISSAL**

                                                Re: Dkt. Nos. 1, 58
10   UNITED STATES OF AMERICA,

11             Defendant.

12

13         This case arises out of an accident at the "Thunder Over Solano" airshow sponsored by the

14   United States Air Force ("USAF") in May 2014 at Travis Air Force Base.  As alleged in the

15   complaint, USAF invited Edward Andreini, an experienced aerobatic pilot, to open the show by

16   performing a routine that included an inverted ribbon cut maneuver.  Dkt. No. 1 ¶ 25.  The

17   maneuver required Andreini to invert the plane, fly low over the runway and cut a ribbon stretched

18   between two poles with the aircraft's tail.  *Id*. ¶ 28.  For "reasons unknown," Andreini's plane hit

19   the runway and came to a stop.  *Id*.  He initially radioed that he was "okay" but could not get out

20   of the plane.  *Id*. ¶ 29.  He then said "I'm on fire -- get me out!"  *Id*. ¶ 30.  A dispatcher called for

21   fire and rescue crews as black smoke started to rise from the aircraft.  *Id*.  Plaintiffs allege that the

22   first fire fighting vehicle arrived approximately 4 minutes and 30 seconds after the aircraft hit the

23   runway, and that additional help arrived approximately 5 minutes and 5 seconds after the crash.

24   *Id*. ¶¶ 33-34.  Andreini could not be rescued and died from "extensive thermal injuries."  *Id*. ¶ 34.

25         The decedent's surviving spouse and children sued the United States for negligence under

26   the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA").  The gravamen of the negligence

27   claim is that "applicable regulations, directives, standards, and orders" required fire and rescue

28   teams to be on the crash site within three minutes of the accident.  *See, e.g.,* Dkt. No. 1 ¶ 6.  In

*United States District Court*
*Northern District of California*

1    plaintiffs' view, had the USAF firefighters complied with that standard, Andreini would have

2    survived the crash. *Id*. Plaintiffs also brought a civil rights claim in the complaint, which was

3    dismissed without opposition. Dkt. No. 18.

4          The United States moved to dismiss the complaint for lack of subject matter jurisdiction

5    under Federal Rules of Civil Procedure Rule 12(b)(1), and also brought an ancillary motion under

6    Rule 12(c). Dkt. No. 58. The government's main argument is that the discretionary function

7    exception under the FTCA, 28 U.S.C. § 2680(a), bars the negligence claim because there was no

8    "specific mandatory directive" imposing a three-minute response time and the USAF's decisions

9    about how and when to respond were choices grounded in policy considerations. Dkt. No. 58 at 8.

10   The government brought a factual jurisdictional attack that relied on extrinsic evidence about its

11   firefighting policies and procedures. *See Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039

12   (9th Cir. 2004). The Court had previously ordered discovery related to the motion. Dkt. No. 51.

13         The dilemma before the Court is that the parties have argued the jurisdiction dispute as a

14   moving target across a spate of agency documents and standards. The complaint was premised on

15   the allegation that the USAF was subject to a three-minute response requirement under standards

16   promulgated by the National Fire Protection Association ("NFPA"). *See, e.g.,* Dkt. No. 1 ¶¶ 21-

17   22. The government denies that and says in its motion that the applicable standard is in

18   Department of Defense Instruction 6055.06, which provides for a response time of five minutes in

19   most cases for "unannounced" emergencies such as an unexpected air crash. *See* Dkt. No. 58 at 6.

20   Plaintiffs adopt Instruction 6055.06 in their opposition brief but argue that it imposes a one-minute

21   response requirement for "announced" emergencies, which they believe applies here. *See* Dkt.

22   No. 71 at 3. Both sides compound these uncertainties by liberally citing to a plethora of other

23   agency and administrative materials.

24         The Court cannot resolve the jurisdiction issue on these shifting sands. It may be that the

25   government is right or that plaintiffs have stated a negligence claim based on a mandatory and

26   specific rule or regulation that precludes a discretionary function exception. *See Bailey v. United*

27   *States*, 623 F.3d 855, 860 (9th Cir. 2010) (discretionary function exception will not apply when a

28   rule or regulation "directs mandatory and specific action and the agency has no lawful option but

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    to adhere to the directive.").  But the question cannot be decided on the current record because

2    identifying the specific agency conduct the plaintiff challenges "is a necessary predicate to

3    determining whether the government had discretion to take that action."  *Young v. United States*,

4    769 F.3d 1047, 1054 (9th Cir. 2014).  This predicate is unduly vague here, which is particularly

5    problematic because the negligence claim appears to be based entirely on the government's non-

6    conformance with a precise response time standard.  An FTCA claim may be brought on a

7    common law duty under California law, *Gonzales v. United States*, 814 F.3d 1022, 1027-28 (9th

8    Cir. 2016), but the complaint does not seem to allege a common-law theory.

9        All of this also casts substantial doubt on the plausibility of the negligence claim as

10   currently alleged.  Plaintiffs appear to have moved away from the three-minute NFPA requirement

11   as the cornerstone of their case, but that is the only the standard stated in the complaint.

12   Consequently, the Court dismisses the complaint sua sponte with leave to amend.  *Gillibeau v.*

13   *City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  Plaintiffs may file an amended complaint no

14   later than **April 10, 2017**.  If plaintiffs choose to amend, they should identify the specific rules or

15   regulations, or common law duty, on which they base the negligence claim.  The government may

16   renew its jurisdictional motion, or move to dismiss on other grounds, if warranted by the amended

17   complaint.

18       **IT IS SO ORDERED.**

19   Dated:  March 14, 2017

20

21

22   _____
     JAMES DONATO
     United States District Judge

23

24

25

26

27

28

3