UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ANDREINI, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 3:15-cv-01169-JD<br><br>**ORDER RE MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 90 |

Plaintiffs filed an amended complaint, Dkt. No. 89, after dismissal of the initial complaint with leave to amend. Dkt. No. 87. The United States asks to dismiss the amended complaint for lack of subject-matter jurisdiction and failure to allege a plausible claim. Dkt. No. 90. The motions are denied.

The material facts alleged in the amended complaint are largely unchanged from the prior version. In May 2014, the United States Air Force ("USAF") invited Edward Andreini, a civilian stunt pilot, to open an airshow at the Travis Air Force Base by flying an inverted plane low over a runway. Dkt. No. 89 ¶ 16. During the maneuver, Andreini's plane hit the ground for "reasons unknown." *Id*. The plane slid for ten seconds on the runway before stopping. *Id.* Andreini initially broadcast that he was trapped in the plane but uninjured. Shortly after, Andreini broadcast that he was on fire and could not get out. *Id.* ¶ 18.

The first fire-fighting vehicle arrived four minutes and thirty seconds after impact. *Id.* ¶ 21. This vehicle was "not a qualifying ARFF vehicle" because it "did not have the appropriate extinguishing agent on board" and had "little to no effect on the fire." *Id.* Five minutes and five seconds after impact, another fire-fighting vehicle arrived. Dkt. No. 89 ¶ 22. This vehicle extinguished the fire but did not pull out Andreini in time to save him. An autopsy report showed

that Andreini had suffered "no blunt force trauma" but died of "extensive thermal injuries." *Id.*

Andreini's surviving spouse and children sued the United States for negligence under the Federal Torts Claim Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"). The theory of the initial complaint was that USAF did not follow safety policies requiring fire and rescue teams to arrive at a crash site within three minutes. Dkt. No. 1 ¶ 6. The United States moved to dismiss that claim for lack of subject-matter jurisdiction under the FTCA's discretionary function exception. Dkt. No. 58. The Court dismissed the complaint for a different reason. In plaintiffs' opposition papers, they abandoned the "the three-minute NFPA requirement as the cornerstore of their case," which cast serious doubt on the complaint's overall plausibility. Dkt. No. 87.

In the amended complaint, plaintiffs have shifted their legal claim from a failure to comply with federal safety policies to simple negligence under California state law. The United States again invokes the discretionary function exception to challenge jurisdiction under Rule 12(b)(1), and moves to dismiss under Rule 12(b)(6) for failure to state a claim.

The government's arguments are not well taken. Turning to jurisdiction first, the government has the burden of establishing that the discretionary function exception applies. *Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014). While the non-conclusory factual allegations of a complaint are accepted as true for Rule 12(b)(6) purposes, allegations of jurisdictional facts "are not afforded presumptive truthfulness; on a motion to dismiss for lack of subject matter jurisdiction, the court may hear evidence of those facts and resolve factual disputes where necessary." *Id.*

The Court has no jurisdiction over suits against the United States unless the federal government has waived its sovereign immunity. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). The FTCA waives the federal government's immunity for damages arising out of:

> the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The "discretionary function exception" potentially takes back the FTCA

2

waiver and excludes jurisdiction over:

> [a]ny claim based upon . . . a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

The application of the discretionary function exception turns on "whether the action is a matter of choice for the acting employee." *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988). If the challenged action was made under a mandatory duty, with no exercise of discretion, that is the end of the matter -- the federal government may be sued. But if "the challenged conduct involves an element of judgment," the conduct is immunized if "that judgment is of the kind that the discretionary function exception was designed to shield. The basis for the discretionary function exception was Congress' desire to 'prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" *Id.* at 536-537 (citing *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984)).

*Berkovitz* requires a "particularized analysis of the specific agency action challenged." *GATX/Airlog Co. v. United States*, 286 F.3d 1168, 1174 (9th Cir. 2002). "[T]he proper level of inquiry must be act by act." *In re Glacier Bay*, 71 F.3d 1447, 1451 (9th Cir. 1995). The allegations in the complaint define the specific conduct for review and determine whether discretion immunity applies. *Young v. United States*, 769 F.3d 1047, 1053 (9th Cir. 2014).

Here, plaintiffs allege a claim for common law negligence not within the discretionary function exception. At the heart of the amended complaint is the allegation that the rescue vehicles arrived too late to save Andreini because the firefighters were "across the field taking pictures of aircraft." Dkt. No. 89 ¶ 28. Because "there was no PA system at the fire station," "the sole crew member with a radio had to find and gather together the other picture-taking crew members before they could respond." *Id.* The government does not provide any evidence contesting these facts for jurisdictional purposes. *See* Dkt. No. 90 at 15:1-4 (discussing lack of PA system at Fire Station 4); Dkt. No. 93 at 6:13-15 (reserving right to dispute allegation of picture-taking).

3

The firefighters' decision to go across the field to enjoy the air show manifestly is not the kind of conduct that is "by its nature, susceptible to a policy analysis." *Miller v. United States*, 163 F.3d 591, 593 (9th Cir. 1998). "Conduct . . . is not immune from scrutiny as a 'discretionary function' simply because it involves an element of choice. It must be a choice rooted in social, economic or political policy." *Arizona Maint. Co. v. United States*, 864 F.2d 1497, 1504 (9th Cir. 1989). On the negligence facts alleged in the amended complaint, no social, economic, or political policy is implicated by the decision of on-duty firefighter to leave the firehouse and take photos of the air show. Because the government has not shown that the firefighters were exercising meaningful policy-based discretion invested in them by a regulatory framework, *Routh v. United States*, 941 F.2d 853, 857 (9th Cir. 1991), their conduct is not immunized from suit by the discretionary function exception.

The government says that firefighters "could do other activities . . . as long as they could meet the response time," and that the target response time was 5 minutes under then-existing regulations adopted by the Department of Defense. Dkt. No. 93 at 7:3-4. The 5-minute response time threshold was satisfied, the government argues, since the first truck arrived in 4 minutes and 30 seconds. Dkt. No. 89 ¶ 21. That all may be true, but it misses the point. The jurisdictional question does not turn on whether the firefighters were in fact negligent. Rather, what is critical is "*how* the government is alleged to have been negligent." *Whisnant v. United States*, 400 F.3d 1177, 1185 (9th Cir. 2005) (emphasis in original). The negligence alleged here lies in the conduct of going across the field to take pictures, and not in a social, economic, or political policy judgment. The discretionary function exception was never intended to apply in these alleged circumstances.

While that is enough to deny the Rule 12(b)(1) motion, an additional reason can be found in other parts of the amended complaint. Another key allegation echoes the prior complaint by stating that aviation safety standards require crash response times to be under 3 minutes. Dkt. No. 89 ¶ 37 (quoting National Fire Protection Association, NFPA 402: Guide for Aircraft Rescue and Fire-Fighting Operations, §§ 6.1.1-6.1.2 (2013)). Although there is no "per se rule that government violation of 'industry' standards precludes application of the discretionary function

4

exception," *Kennewick Irr. Dist. v. United States*, 880 F.2d 1018, 1030 (9th Cir. 1989), the Ninth Circuit has established that "actions based on technical or scientific standards are not the kind of judgments meant to be protected from liability by the discretionary function exception. . . . [A] failure to adhere to accepted professional standards is not 'susceptible to a policy analysis.'" *Marlys Bear Med. v. U.S. ex rel. Sec'y of Dep't of Interior*, 241 F.3d 1208, 1214-17 (9th Cir. 2001). *See also In re Glacier Bay*, 71 F.3d 1447, 1452 (9th Cir. 1995) (preparation of nautical charts was not protected by discretionary function exception, since hydrographers had only discretion of a "scientific nature"); *Kennewick Irr. Dist. v. United States*, 880 F.2d 1018, 1031 (9th Cir. 1989) (decision to not remove unsuitable materials during canal construction "was based not on policy judgments but on technical, scientific, engineering considerations"); *Arizona Maint. Co. v. United States*, 864 F.2d 1497, 1504 (9th Cir. 1989) (choice of how much dynamite to use in a blast was not policy judgment).

Whether a 3-minute response time is in fact a professional standard that the government cannot disregard as a matter of policy is a factual question not open to resolution at this stage of the litigation. That is another good reason to deny dismissal now for lack of jurisdiction. *See Young v. United States*, 769 F.3d 1047, 1052-53 (9th Cir. 2014).

The government's 12(b)(6) motion is also denied. The motion is based entirely on the concerns identified in the prior dismissal order. Dkt. No. 90 at 3-5. For the reasons discussed here, the first amended complaint has adequately addressed those concerns and now states a plausible negligence claim.

**IT IS SO ORDERED.**

Dated: September 6, 2017

JAMES DONATO
United States District Judge